EDWARD W. DAILEY AND MARY JANE DAILEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dailey v. Commissioner
Docket No. 20404-81
United States Tax Court
T.C. Memo 1982-591; 1982 Tax Ct. Memo LEXIS 149; 44 T.C.M. (CCH) 1352; T.C.M. (RIA) 82591; October 7, 1982. Edward W. Dailey, pro se. Donald L. Wells, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the years 1977 and 1978 in the amounts of $2,502 and $642, respectively. Due to concessions by the parties, the only issue remaining is whether travel expenses for trips to museums (including a trip to Europe) as well as the cost of journals on antiques are deductible in 1977 as an expense incurred for the production of income under section 212. [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached *150 exhibits are incorporated herein by this reference. Petitioners Edward W. Dailey and Mary Jane Dailey resided in Burlington, Iowa at the time they filed their petition herein. Petitioners filed timely joint Federal income tax returns for 1977 and 1978. Mrs. Dailey acquired an interest in art and antiques from her mother. Both petitioners (but particularly Mrs. Dailey) have used their acquired expertise to purchase a substantial number of art objects and antiques over a period of nearly thirty years. The petitioners used some of the antiques in their large home of 16 rooms. However, the bulk of the antiques were kept in boxes in some of the vacant rooms of the home. Receipts were kept, but it was not until the preparation of this case for trial that anything approaching a comprehensive inventory was prepared. The items were not separately insured. Petitioners raised a large family (eleven children), and still have three children in school, although Mr. Dailey is 72 years old. Petitioners collected these antique and art items in part for personal reasons. However an important motivating factor was the desire to purchase items that would appreciate substantially in *151 value, providing a nest egg for retirement or for Mrs. Dailey should Mr. Dailey (who is 12 years her senior) predecease her. Petitioners never advertised or offered for sale any of the items acquired, and none have been sold. During 1977, Antiques Magazine sponsored a trip to England which took place during the period of June 4 to June 19. Petitioners paid travel expenses for fares and passports in conjunction with this trip in an amount not less than $4,050, and deducted this amount on their 1977 joint Federal income tax return. They contend that travel for visits to museums in England was a necessary investment expense. On their 1977 joint Federal income tax return, petitioners deducted the additional amount of $926 for travel to various museums in this country, making a total deduction for this purpose in the amount of $4,976. Petitioners also deducted $201 for subscriptions to art and antique journals, that were used for learning and reference in conjunction with their collecting activities. OPINION Petitioners are very knowledgeable about art and antiques. Lthey have acquired this knowledge over the last three decades, during which they purchased many items that *152 have appreciated substantially in value. In 1977 they traveled to Europe on a trip sponsored by Antiques Magazine. They did not add to their acquisitions during this trip, but they visited museums and by their association with knowledgeable people on the trip or at destinations visited, they added greatly to their knowledge. Accordingly, they deducted the expense of this trip as an "investment expense" along with similar costs for domestic travel and subscriptions to magazines. Section 212 provides: In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; * * * Section 1.212-1(d), Income Tax Regs., provides that "[e]xpenses, to be deductible under section 212, must be 'ordinary and necessary'. Thus, such expenses must be reasonable in amount and must bear a reasonable and proximate relation to the production or collection of taxable income or to the management, conservation, or maintenance of property held for the production of *153 income." See Kinney v. Commissioner,66 T.C. 122 (1976). Petitioners collected art and antique items for fun and profit, much like a philatelist might collect stamps, or a numismatist coins. Over a period of more than three decades, petitioners never advertised any item for sale, never offered an item for sale, and in fact never sold an item. A comprehensive inventory was first prepared in connection with this trial. They hoped to make a profit through appreciation, but so does the numismatist or philatelist. This floating expectation does not make the trip to Europe or to museums in this country deductible. Under petitioners' theory, expenses incurred in 1950 would be deductible even though nothing had been disposed of thirty years later and might not be disposed of (if at all), for many more years in the future. Petitioners had a floating and perhaps personally important expectation that their cultural interest in art and antiques would ultimately prove profitable, as well as personally enjoyable. Again, so does the philatelist or numismatist, but this does not make deductions for a European trip (or the other expenses before us) deductible. Accordingly, *154 we decide this issue for respondent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise indicated.↩